IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNION LEASING, INC.          )
                             )
v.                           ) NO. 3-12-0666
                             ) JUDGE CAMPBELL
ADVANTAGE, INC., et al.      )

MEMORANDUM

Pending before the Court is Plaintiff's Motion to Dismiss all Counterclaims (Docket No. 20). For the reasons stated herein, Plaintiff's Motion is GRANTED in part and DENIED in part.

FACTS[1]

Counter-Plaintiff ABC Bowling Green ("ABC") alleges that Counter-Defendant Union Leasing ("Union") entered into an agreement with Advantage, Inc. ("Advantage") under which Advantage identified and purchased suitable vehicles for Union,[2] which Union then purchased from Advantage. ABC contends that Advantage was Union's agent for purposes of identifying and purchasing vehicles. ABC claims that it entered into a short-term lending arrangement with Advantage, whereby ABC would provide short-term financing to Advantage to cover the purchase price for each vehicle identified by Advantage under its agreement with Union.

ABC asserts that, in relation to purchasing vehicles for its business, Union was required to take certain steps.[3] ABC argues that, before releasing funds for purchase, Union was required to verify that Advantage had the original or a copy of the title documents for the vehicles, conduct a

---

[1] For purposes of this Motion, the facts which must be accepted as true come from the Counterclaim (Docket No. 15).

[2] ABC avers that Union is a business involved in the areas of fleet and commercial leasing of automobiles.

[3] ABC cites no authority for this requirement.

"flooring verification,"[4] regularly review Advantage's financial data, obtain Carfax or similar reports on the vehicles, and check book values for each vehicle. ABC alleges that, in making the short-term loans, it reasonably relied upon Advantage's representations concerning the vehicles that Advantage purchased and reasonably believed that Union was performing the required steps listed above.

ABC claims that Advantage failed to repay the last round of short-term loans, in the amount of $357,572.27. ABC has sued Union for liability for the acts of Advantage, contending that Union is responsible for the acts of its agent within the scope of the agency relationship. ABC has also asserted a claim against Union for misrepresentation. ABC argues that Union was required to take the steps outlined above before purchasing the vehicles and failed to do so, causing harm to ABC which was reasonably relying upon Union for such actions. Finally, ABC alleges that Union has been unjustly enriched by receiving the benefit of the short-term funding supplied by ABC without repayment.

Union has moved to dismiss all Counterclaims against it, arguing that the Counterclaims fail to state claims for which relief may be granted.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint (here, the Counter-Complaint) as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[4] ABC states that this requirement includes conducting an audit by physically appearing and verifying the vehicles by serial number and description.

defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## LIABILITY FOR ACTS OF AGENT

Union argues that there is no independent cause of action for "agency." ABC did not sue Union for "agency," however. ABC alleges liability of Union for the acts of its agent, Advantage. ABC sufficiently alleges that Union is responsible for the acts of its agent and that its agent failed to repay the last round of short-term loans to ABC. Failure to repay a loan is a legally cognizable claim. Liability of a principal for its agent is a legally cognizable theory of liability.

Union also claims that ABC did not sufficiently plead an agency relationship between Advantage and Union. The Counterclaim states that, through an agreement between Advantage and Union, Advantage acted as Union's agent for purposes of identifying and purchasing vehicles. The Counterclaim also asserts that Advantage's liability to ABC was incurred within the scope of the agency relationship with Union. ABC specifically alleges that Union is responsible for the acts of its agent.

Whether an agency exists "is a question of fact under the circumstances of the particular case; and whether an agency has been created is to be determined by the relation of the parties as they in fact exist under their agreement or acts." *White v. Revco Discount Drug Centers, Inc*. 33 S.W.3d 713, 723 (Tenn.2000). Important in the concept of agency is that a principal is generally

3

bound by its agent's acts done in its behalf and within the actual or apparent scope of the agency. *Id*. ABC has sufficiently alleged that Advantage's actions were taken on behalf of Union, as Union's agent.

Consequently, Union's Motion to Dismiss ABC's Counterclaim for liability for the acts of an agent is denied.

## MISREPRESENTATION

ABC alleges that Union was required to take certain steps given its position as a commercial fleet lessor. ABC also contends that Union sent communications to ABC when it made payments, and those communications referenced particular vehicles. ABC claims that in reliance on these communications, ABC reasonably determined that Union had fulfilled the responsibilities which ABC now claims were required.

To prevail on a negligent misrepresentation claim, ABC must show that Union supplied information to ABC, that the information was false, that Union did not exercise reasonable care in obtaining or communicating the information to ABC, and that ABC justifiably relied upon that information. *Staggs v. Sells*, 86 S.W.3d 219, 223 (Tenn. Ct. App. 2001). For a fraudulent misrepresentation claim, ABC must show that Union intentionally misrepresented a material fact with knowledge of its falsity and made that misrepresentation knowingly or recklessly. ABC must also show that it reasonably relied on the misrepresentation and suffered damages as a result. *Menuskin v. Williams*, 145 F.3d 755, 764 (6th Cir. 1998).

ABC does not identify any specific misrepresentations made by Union. ABC has not pointed to any allegedly false statement in which Union represented that it had fulfilled any responsibilities such as those referenced by ABC. Moreover, ABC has failed to allege how it could have reasonably

4

relied upon a statement by Union if the alleged representation was simply *implied* in the communication. Finally, ABC has not alleged that any specific representations by Union were false.

Consequently, Union's Motion to Dismiss ABC's misrepresentation claims is granted, and those claims are dismissed.

## UNJUST ENRICHMENT

ABC contends that Union received the benefit of the short-term financing provided by ABC and failed to repay those loans. ABC argues that Union's retention of the benefit of the loan funds is unjust and ABC has suffered damages as a result.

Given the Court's ruling on the agency theory of liability, above, ABC's unjust enrichment claim against Advantage (as agent) and Union (as principal) is sufficient to survive this Motion to Dismiss. ABC may plead alternative theories (breach of contract and unjust enrichment) of recovery. Fed. R. Civ. P. 8(d)(2).

Accordingly, Union's Motion to Dismiss the Counterclaim for unjust enrichment is denied.

## CONCLUSION

For all these reasons, Union's Motion to Dismiss all Counterclaims (Docket No. 20) is GRANTED in part and DENIED in part. ABC's Counterclaim against Union for misrepresentation (negligent and/or intentional) is DISMISSED.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE