```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

UNION LEASING, INC.,            )
                                )
    Plaintiff               )
                                )        Case 3:12-0666
v.                              )        Judge Campbell/Brown
                                )        **Jury Demand**
ADVANTAGE, INC. d/b/a ACCESS CAR )
RENTAL; ROBERT MARK MOONEYHAM;  )
and ABC BOWLING GREEN, LLC d/b/a )
ABC BOWLING GREEN AUTO AUCTION, )
                                )
    Defendants              )

## <u>O R D E R</u>

Presently pending are two motions to compel the Defendant Mooneyham to testify despite his objections under the Fifth Amendment of the Constitution (Docket Entries 58 and 60). These motions are supported by memorandums of law (Docket Entries 59 and 61).

Union Leasing takes the position that the Plaintiff has failed to establish that he has a well-founded belief that he is subject to criminal prosecution. They further argue that to the extent he has a Fifth Amendment privilege, he has waived the privilege by answering a number of questions concerning his business dealings in bankruptcy proceedings and in response to discovery in the present case.

ABC Bowling Green does not make an argument that Mooneyham is not potentially subject to criminal prosecution, but stress that he has waived his Fifth Amendment rights on which he was questioned. In response (Docket Entry 63) Mooneyham points out

that the trustee in bankruptcy has specifically stated that Mooneyham had criminal problems and that he had referred Mooneyham to the United States Attorney's office for possible criminal prosecution. Additionally, the Defendant argues that the United States Attorney's office should be notified of the motion to compel so the United States Attorney may take a position as to whether they believe they will have problems with any potential indictment or prosecution under *Kastigar v. United States*, 406 U.S. 441 (1972). The proposition is that if Mooneyham was improperly compelled to testify then the United States Attorney would have to show in any criminal prosecution that they had not in any way exploited the compelled testimony of Mooneyham.

The **Clerk** is directed to send a copy of this order to the United States Attorney. Should the United States Attorney wish to take a position concerning this matter they should file a notice of that position.

Mooneyham further argues the fact that he has answered certain questions in bankruptcy proceedings and discovery in this case does not constitute a waiver. He argues that he has a clear threat of criminal liability in this matter, both from the nature of the civil complaint itself and from the testimony of the trustee in bankruptcy. Unfortunately, the brief does not cite any particular case law providing specific examples of waiver or nonwaiver.

Union Leasing filed a reply (Docket Entry 64) where they provide additional arguments concerning waiver and cite several

2

cases. Unfortunately, many of their cases are somewhat old and from outside the Sixth Circuit.

After consideration of all these materials the motions to compel (Docket Entries 58 and 60) are **DENIED** at this point without prejudice. The Magistrate Judge finds that the Defendant Mooneyham has a reasonable fear of prosecution given the language of the civil complaint as well as the testimony of the bankruptcy trustee. Although cited by Union Leasing the Magistrate Judge finds that the case of *Coushatta v. Abramoff*, 2009 U.S. Dist. LEXIS 71540 (W.D. La. 2009), a copy of which is attached to Docket Entry 64-1 at page 1, actually supports the claim of privilege and a lack of waiver. Magistrate Judge Hill, in a well-written opinion, allowed the witness Scanlon to claim the Fifth Amendment, even though he had already pled guilty to a number of charges involving the substance of the civil case. As Magistrate Judge Hill points out at *25-24 the waiver of privilege is not lightly to be inferred. *Smith v. United States*, 337 U.S. 137, 150 (1949).

Magistrate Judge Hill further points out that most courts that have considered the issue of waiver have held that the waiver of the privilege against self-incrimination in one proceeding does not affect the right of a witness to invoke the privilege as to the same subject matter in another independent proceeding. The waiver is limited to the proceedings in which it occurs (citations omitted).

Magistrate Judge Hill also noted that the failure of the plaintiff to assert the privilege earlier in the proceeding in

question, and his verified response to discovery and testimony elicited at his deposition did not, necessarily, constitute a waiver. Where a witness has made voluntary disclosures as to materially incriminating facts the privilege cannot thereafter be invoked to avoid disclosures of the details. *Rogers v. United States*, 340 U.S. 367, 373-374 (1951). However, if the witness discloses nothing that is incriminating, this does not waive the privilege as to questions about details which might prove incriminating.

In this case the Magistrate Judge has read the various questions and is not convinced that the Defendant Mooneyham has waived the privilege at this point.

Plaintiff Union Leasing correctly points out that there has been no motion for a stay of proceedings in this matter. Plaintiff is certainly free to pursue this case and to file summary judgment or other appropriate motions. The Fifth Amendment is a protection in criminal cases. Mooneyham's failure to respond to civil discovery may well result in civil judgments being entered against him. However, those are motions and decisions for a later day.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge